Scott E. Gizer, Esq., Nevada Bar No. 12216
  *sgizer@earlysullivan.com*
Sophia S. Lau, Esq., Nevada Bar No. 13365
  *slau@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone:  (702) 331-7593
Facsimile:  (702) 331-1652

Kevin S. Sinclair, NV Bar No. 12277
  *ksinclair@sinclairbraun.com*
SINCLAIR BRAUN LLP
16501 Ventura Blvd, Suite 400
Encino, California 91436
Telephone:  (213) 429-6100
Facsimile:  (213) 429-6101

Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC., CHICAGO TITLE INSURANCE COMPANY, and TICOR TITLE OF NEVADA, INC.

DESIGNATED LOCAL COUNSEL FOR SERVICE OF PROCESS ON SINCLAIR BRAUN LLP PER L.R. IA 11-1(b)

Gary L. Compton, State Bar No. 1652
2950 E. Flamingo Road, Suite L
Las Vegas, Nevada 89121

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., ET AL.,<br><br>Defendants. | Case No.: 2:21-CV-00273-JAD-NJK<br><br>**STIPULATION TO STAY CASE PENDING *WELLS FARGO II* APPEAL**<br><br>ECF Nos. 9, 10, 11, 14, 15, 28 |

Plaintiff US Bank National Association and Defendants Fidelity National Title Group, Inc., Chicago Title Insurance Company, and Ticor Title of Nevada, Inc. (collectively, the "Parties"), by and through their undersigned counsel, stipulate and agree as follows, subject to the approval of the District Court:

**WHEREAS**, this is one of several a title insurance coverage disputes pending in this district following an HOA foreclosure sale. The majority of cases concern the ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement;

**WHEREAS**, one such matter is on appeal in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal"). The parties to that case—whose counsel are also counsel in this action—have been advised that the Ninth Circuit is considering the *Wells Fargo II* Appeal for oral argument sometime in the Summer of 2021;

**WHEREAS**, the Parties in this case and in several other cases anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the title insurance policy that could potentially affect the disposition of this action, particularly given some of the similarities between the policy at issue in *Wells Fargo II* Appeal and the policy here;

**WHEREAS**, because the *Wells Fargo II* Appeal has the potential to resolve certain matters at issue in this case, the Parties stipulate and agree that a stay of discovery in this particular case pending the outcome *Wells Fargo II* Appeal is appropriate; [1]

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. Discovery between the Parties in the instant action shall immediately be **STAYED** pending the disposition of the *Wells Fargo II* Appeal. The Parties shall not file any motions to enforce Party discovery while this stay is pending.
2. The Parties shall not file any additional dispositive motions while this stay is pending. This stipulation shall not moot the motion for remand (ECF No. 14).
3. Each of the Parties shall be excused from responding to any now-outstanding discovery requests propounded by the other until after the stay is lifted.

---

[1] Similar stipulations will be filed in several of these cases.



4. The scheduling order previously entered in this action shall be hereby **VACATED**.

5. Each of the Parties may request a further Fed. R. Civ. P. 26(f) conference at any time 180 days after the order granting this stipulation.

6. By entering into this stipulation, none of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

7. Nothing contained in this stipulation will prevent the Parties from propounding and enforcing subpoenas to third parties.

Dated: May 11, 2021  WRIGHT, FINLAY & ZAK

By: _/s/-Lindsay D. Robbins_
    LINDSAY D. ROBBINS
    Attorneys for Plaintiff
    US BANK NATIONAL ASSOCIATION

Dated: May 11, 2021  SINCLAIR BRAUN LLP

By: _/s/-Kevin S. Sinclair_
    KEVIN S. SINCLAIR
    Attorneys for Defendants
    FIDELITY NATIONAL TITLE GROUP, INC., CHICAGO TITLE INSURANCE COMPANY, and TICOR TITLE OF NEVADA, INC.

## ORDER

Based on the parties' stipulation [ECF No. 28] and good cause appearing, IT IS HEREBY ORDERED that this case is STAYED FOR ALL PURPOSES pending the issuance of the mandate in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 ("the *Wells Fargo II* appeal"). The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this case and administratively terminate all active motions [ECF Nos. 9, 10, 11, 14, 15]. The parties must move to lift the stay, reopen this case, and reactivate any previously filed motions within 30 days of the issuance of the mandate in the *Wells Fargo II* appeal.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 11, 2021


3
**STIPULATION TO STAY CASE PENDING *WELLS FARGO II* APPEAL**