UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Passthrough Certificates, Series 2006-AR6,<br><br>    Plaintiff<br><br>v.<br><br>Fidelity National Title Group, Inc., et al.,<br><br>    Defendants | Case No.: 2:21-cv-0273-JAD-NJK<br><br>**Order Remanding Case to State Court**<br><br>[ECF Nos. 31, 50] |

    Nevada's 2008 housing crash kindled thousands of quiet-title lawsuits between the homeowner associations that foreclosed on homes when the homeowner stopped paying assessments, the banks that held the first-trust deeds on those homes, and the investors who snapped those homes up at bargain-basement prices. Having consumed the state and federal courts for more than half a decade now, those cases have all but burned out. But a phoenix has risen from their embers: the banks now sue the title insurers that issued policies when the mortgages were originated for failing to defend them in those quiet-title suits and cover their losses.

    This removed action is one of those coverage suits. Though U.S. Bank filed it in state court against forum and non-forum defendants, Defendant Chicago Title Insurance Company removed this case before any defendant, including itself, had been served with process and despite a forum defendant whose existence should have precluded removal. The propriety of this practice—termed "snap removal"—is an issue that has divided the courts. The bank challenges this practice in its motion for remand. Because I find that the removal here was improper, I grant the bank's motion for remand.

**Discussion**

**I.     Legal standard**

28 U.S.C. § 1441(a) authorizes defendants to remove to federal court "any civil action brought in a State court of which the [U.S. District Courts] have original jurisdiction . . . ."  But "[f]ederal courts are courts of limited jurisdiction."[1]  So defendants seeking removal jurisdiction "always have the burden of establishing that removal is proper."[2]  This is a heavy burden to carry because there is a "strong presumption against removal jurisdiction[,]" the removal statute is "strictly construe[d] against removal jurisdiction[,]" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[3]

**II.    Analysis**

Chicago Title Insurance Company (Chicago Title) removed this case on diversity-jurisdiction grounds.[4]  Congress has created a limitation to diversity-based removal jurisdiction. 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  This limitation is called the forum-defendant rule, which is a "procedural, or non-jurisdictional, rule."[5]

In an effort to evade the forum-defendant rule, Chicago Title removed this case before any defendant had been served with process.  The bank moves for remand, arguing that the snap-removal practice violates the forum-defendant rule, which applies here because one of the named

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[2] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).
[3] *Id.*
[4] ECF No. 1 at 2 (removal petition).
[5] *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

defendants, Ticor Title of Nevada, Inc., is a Nevada citizen.[6] Chicago Title argues in response that removing before any defendant has been served to defeat the forum-defendant rule is a permissible practice and, regardless, the forum-defendant rule does not apply because Ticor is a fraudulently joined defendant.[7] I begin with the issue of fraudulent joinder.

### A. Ticor is not a fraudulently joined defendant.

Fraudulent joinder can be established two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[8] Chicago Title relies on the second way, arguing that the bank sued Ticor only to defeat removal on diversity grounds and cannot state a claim against it. "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory."[9] "But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."[10] Examining whether the fraudulent-joinder doctrine applies should not, therefore, entail a "searching inquiry into the merits of the plaintiff's case" against the forum defendant.[11] This is

---

[6] ECF No. 31.

[7] ECF No. 41 at 9–13.

[8] *Grancare, LLC v. Thrower, by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)) (internal quotation marks omitted).

[9] *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)) (internal quotation marks omitted).

[10] *Id.* (quoting *Hunter*, 582 F.3d at 1046) (internal quotation marks omitted).

[11] *Id.* at 548–49 (citing *Hunter*, 582 F.3d at 1046).

because "the test for fraudulent joinder and the test for failure to state a claim under Rule 12(b)(6) are not equivalent."[12]

Chicago Title argues that the bank's breach-of-contract claim against Ticor fails from the start because Ticor wasn't a party to the policy agreement and had no responsibility for the alleged breach.[13] The threshold question, however, is not the ultimate success of the bank's claim but rather the mere possibility that the state court would find that the cause of action had been stated.[14] That possibility exists here because the bank alleges that "Chicago Title and Ticor Nevada entered into a contractual relationship with" U.S. Bank Trustee's predecessor in interest in the form of the title-insurance policy,[15] Ticor had responsibility "for providing coverage" under that policy[16] and issued that policy,[17] and "the Policy and each of the Policy endorsements" are signed by Ticor.[18] The bank further alleges that Chicago Title and Fidelity breached the policy and, "because Ticor Nevada entered into a contractual relationship with U.S. Bank Trustee's predecessor in interest to procure coverage of the priority of the Deed of Trust over the HOA's lien—to the extent coverage is not afforded under the Policy, Ticor is an alter ego of Fidelity and Chicago Title as a result of its failure to procure coverage as requested."[19]

---

[12] *Id.*
[13] ECF No. 41 at 12.
[14] *See Grancare*, 889 F.3d at 548.
[15] ECF No. 1-1 (complaint) at ¶ 66.
[16] *Id.* at ¶ 67.
[17] *Id.* at ¶ 77.
[18] *Id.* at ¶ 71.
[19] *Id.* at ¶ 116; *see also id.* at ¶¶ 117–19 (additional alter-ego and agency allegations).

Based on this record and Nevada's lenient notice-pleading standard,[20] Chicago Title has not established that there is no possibility that a Nevada state court would find that this complaint states a claim against Ticor. Because Chicago Title has not shown that forum defendant Ticor was fraudulently joined, § 1441(b)(2) applies and I proceed to determine if Chicago Title's snap removal was proper.

### B. Chicago Title's snap removal was improper under 28 U.S.C. § 1441(b)(2).

Chicago Title argues that snap removal is a permissible practice and a valid means to avoid the forum-defendant rule. It points out that "every appellate jurist to consider the issue" has concluded that the plain language of § 1441(b)(2) is unambiguous and permits snap removal[21] but acknowledges that the Ninth Circuit has not yet done so.[22] Recognizing that I—and all judges in this district (except for one) to have considered its removals in dozens of nearly identical suits—have repeatedly held that this practice is impermissible, Chicago Title urges me to reconsider and reverse my view.[23] The bank, on the other hand, contends that the interpretation that Chicago Title and its authorities offer cuts against the statute's language and purpose of preserving the plaintiff's choice of a state forum when at least one defendant is a citizen of that state.[24] The bank adds that each of the authorities that Chicago Title cites is

---

[20] *See Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670, 672 (Nev. 2008) (explaining Nevada's liberal, notice-pleading standard); Nev. R. Civ. P. 12(b)(5).

[21] ECF No. 41 at 10 (citing, e.g., *Texas Brine Co., LLC v. Am. Arb. Ass'n*, 955 F.3d 482 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001)).

[22] *Id.* at 7.

[23] *Id.* at 2.

[24] ECF No. 31 at 9–12.

5

materially distinguishable and that nearly all judges in this district have overwhelmingly rebuffed Chicago Title's snap-removal tactics.[25]

When interpreting federal statutes, "the starting point in discerning congressional intent is the existing statutory text . . . ."[26] "It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms."[27] Courts are required to "presume that the legislature says in a statute what it means and means in a statute what it says there."[28]

The appellate courts that have determined that § 1141(b)(2)'s "plain language allows snap removal" before any defendant has been served did so by focusing on the "properly joined and served" phrase in the statute.[29] But not all courts agree with that interpretation. The "[d]istrict courts are split as to whether snap removals are appropriate," and "[t]here is ongoing debate on whether there is a trend in favor or against" the practice.[30] Heavily cited in the against-it camp is U.S. District Judge Woodlock's decision in *Gentile v. Biogen Idec, Inc.*, concluding that "the plain language of section 1441(b) requires at least one defendant to have

---

[25] ECF No. 43 at 2–7.

[26] *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004).

[27] *Id.* (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)) (internal quotation marks omitted).

[28] *Bedroc Ltd. v. United States*, 541 U.S. 176, 183 (2004) (cleaned up).

[29] *Texas Brine Co.*, 955 F.3d at 486; *accord Gibbons*, 919 F.3d at 705 ("The statute plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been "*properly* joined and *served*."); *Encompass Ins. Co.*, 902 F.3d at 152 (finding that the plain language of § 1441(b)(2) unambiguously "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served").

[30] *Spreitzer Props., LLC v. Travelers Corp.*, 2022 WL 1137091, at *6 & n.3 (N.D. Iowa Apr. 18, 2022) (collecting cases).

been served before removal can be effected."[31]  Judge Woodlock reached that conclusion by grammatically parsing the statute in its current and historical forms.[32]  The statute now precludes removal "'if any of the parties in interest properly joined and served as defendants' is a forum defendant."[33]  "'Any[]' . . . means 'one or more indiscriminately from all those of a kind[,]'"[34] and "[i]nherent in the definition is some number of the 'kind' from which the 'one or more' can be drawn."[35]  "Thus the lack of a party properly joined and served . . . means that . . . [a] basic assumption embedded in the statute—that a party in interest had been served prior to removal—has not been met."[36]  This interpretation bars snap removals.

Chicago Title insists that *Gentile* should be rejected in favor of the circuit rulings that approve of this tactic.[37]  It also argues that the First Circuit's 2015 decision in *Novak v. Bank of New York Mellon Trust*[38] demonstrates that this 2013 decision by Judge Woodlock, a judge within the First Circuit, was wrongly decided.[39]  But *Novak* addressed only the general question of "whether a defendant may seek to remove a state-court action to federal court before being formally served"; it did not grapple with the more specific issue of a non-forum defendant's snap removal in a diversity case with a forum codefendant.[40]  And after carefully considering the

---

[31] *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316, 318–19 (D. Mass. 2013) (quoting 28 U.S.C. § 1441(b) (2002)).

[32] *Id.* at 316 n.2 & 318.

[33] *Id.* at 318.

[34] *Id.* (quoting *Webster's Third New Intern. Dictionary* 1536 (3d. ed. 1986)).

[35] *Id.*

[36] *Id.*

[37] ECF No. 41 at 6–9.

[38] *Novak v. Bank of New York Mellon Tr.*, 783 F.3d 910 (1st Cir. 2015).

[39] ECF No. 41 at 5.

[40] *See Novak*, 783 F.3d at 911.

parties' authorities, I agree with the vast majority of the judges in this district that Judge Woodlock's interpretation "is the most cogent."[41] Not only does it make grammatical sense, it is the interpretation most true to other canons of construction, the statute's purpose, and legislative intent.[42]

As Judge Woodlock reasoned, "[t]he removal power, and by extension the forum[-]defendant rule, is founded on the basic premise behind diversity jurisdiction itself"—"protect[ing] non-forum litigants from possible state court bias in favor of forum-state litigants."[43] But forum defendants do not suffer this bias and therefore do not need protection from it. And the presence of a forum defendant presumably mitigates concerns of state-court bias toward the plaintiff. So the forum-defendant "rule provides some measure of protection for a plaintiff's choice of forum" in certain circumstances.[44] "[W]hen the overarching concerns about local bias against the defendant" are absent, the rule allows "a plaintiff to move for a remand of the case to the state court . . . ."[45]

---

[41] *Deutsche Bank Nat'l Tr. Co. v. Chicago Title Nat'l Title Grp., Inc.*, 2020 WL 7360680, at *3 (D. Nev. Dec. 14, 2020); *accord Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1013 (D. Nev. 2021) (lauding *Gentile* as "[o]ne of the most clear and influential explanations of this view"); *Carrington Mortg. Servs., LLC v. Ticor Title Nevada, Inc.*, 2020 WL 3892786, at *3 (D. Nev. July 10, 2020); *see also* ECF No. 43 at 2 n.1 (collecting cases).

[42] *See Moran v. Screening Pros, LLC*, 943 F.3d 1175, 1183 (9th Cir. 2019) ("If the language is ambiguous, we look to canons of construction, legislative history, and the statute's overall purpose to illuminate Congress's intent." (quotation omitted)). To the extent that the Ninth circuit's affirmance of this holding would create a circuit split, these are "compelling reason[s]" to do so. *See Kelton Arms Condo. Owners Ass'n*, 346 F.3d 1190, 1192 (9th Cir. 2003) (cited by Chicago Title at ECF No. 41 at 7–8).

[43] *Gentile*, 934 F. Supp. 2d at 319 (Judge Woodlock dove into the removal statute's history and purpose "for completeness of [his] explanation"); *accord Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).

[44] *Gentile*, 934 F. Supp. 2d at 319.

[45] *Id.*

8

Courts agree that § 1441(b)'s legislative history does not explain why "properly joined and served" was added to the statute.[46] "Supreme Court jurisprudence at the time of the 1948 revision . . . suggests"[47] that this language was added to prevent the gamesmanship of a plaintiff "blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve."[48] But with the advent of electronic dockets, sophisticated, monied, or hyper-vigilant defendants are monitoring court filings and removing before any defendant has been served, with the goal of eluding the forum-defendant rule. Congress would not have intended to prevent plaintiffs' removal-defeating games by creating a means for defendants to leapfrog over the forum-defendant rule.

The removal statute's purpose is better fostered by precluding removal until at least one defendant has been served. That way "plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others."[49] A plaintiff who "serves a non-forum defendant before serving a forum" one "has effectively chosen to waive an objection to removal by a nimble non-forum defendant who thereafter removes the case" before it can be served.[50] And the non-forum defendant can still argue that the forum defendant was fraudulently joined.[51] This interpretation is faithful to the removal statute's entire purpose and consistent with its plain language, and I adopt it. Applying this interpretation, I conclude that Chicago

---

[46] *See, e.g., id.* at 319–20; *Encompass Ins. Co.*, 902 F.3d at 153.
[47] *Gentile*, 934 F. Supp. 2d at 319–20.
[48] *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003).
[49] *Gentile*, 934 F. Supp. 2d at 322.
[50] *Id.*
[51] *Id.* at 322–23.

Title's removal was premature because it occurred before any defendant had been served. I therefore remand this case back to state court.

## Conclusion

IT IS THEREFORE ORDERED that the bank's renewed motion for remand **[ECF No. 31] is GRANTED**.

IT IS FURTHER ORDERED that the stipulation to stay the case pending a decision on the remand motion **[ECF No. 50] is DENIED** as moot.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **REMAND this action back to the Eighth Judicial District Court for Clark County, Nevada, Department 4, Case No. A-21-829687-C**, and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
May 24, 2022